Per Curiam.

We agree in opinion with the judge at the trial. The words spoken by the defendant were clearly understood to apply to the transactions of the preceding day, and these were known not to amount to the charge which the words would otherwise import.(a) Let the verdict, there *336 fore, be set aside; and there being no question upon the evidence, the finding of the jury must be considered as, contrary to law, and it is therefore ordered, that the costs abide the event of the suit(a)
Rule granted..

 It is a general though discretionary rulé, where the parties are equally blameless, in reference to the facts upon which a new trial.is granted, that the courts will grant the' motion without costs, or direct the costs to abide the event. Of this description are new trials for the misdirection of the judge, his admission of illegal, and his rejection of legal testimony, and his -directing a nonsuit contrary to law. Graham on New Trials, 600, et seq, and references: Hodgson v. Barvis, 2 Chit. 268. Bunscall v. Hogg, 3 Wils. 146. Haine v. Davey, 6 Nev. & M. 356. 4 Ad, & E; 892. 2 Har. & W. 30. But when a verdict is set aside because it is contrary to evidence, or because of excessive damages, the new trial is usually granted upon payment of costs: 12 Mod. 370. 1 Burr. 12, 393. Jackson ex dem. Livingston v. Thurston, 3 Cowen, 342. Though when a verdict is set aside, as against-evidence and the charge of the judge, costs will be madeto abide the event. Knapp v. Curtis & Root, 9 Wend. 60. Gra. Prac. 2d ed. 635.

 In Christie v. Cowell, Peak. N. P. C. 4, the words proved were “ he is a thief for he has stolen my beer.” It appeared in evidence that the defendant was a brewer, and that the plaintiff had lived with him as servant; in the course of which service he had sold beer to different customers of the defendant, and received money for the same, which he had not duly accounted for. Lord Kenyon directed the jury to consider whether these words were spoken in reference to the money received and unaccounted for by the plaintiff, or whether the defendant meant that the plaintiff had actually stolen beer; for if they referred to the money not accounted for, that being a mere breach of contract, so far explained the word “ thief” as to make it not actionable. Thus if a man says to another “ You are a thief, for you stole my tree,” it is not actionable, (Cro. Jac. 114; Bull. Nisi Prius, p. 5,) for it shows he had a trespass and not a felony in his contemplation. Words may import a charge of felony, yet if it appear from the subject matter that the fact charged could not have happened, an action cannot be maintained. Jackson v. Adams, 2 Bing. N. C. 402. 2 Scott. 599. Snagg v. Gee, 4 Co. 16 a. Steph. N. P. 2252, 2253. “ Words apparently actionable may be explained by circumstances, to have been intended and understood in an innocent sense. Thus, though the defendant should say, ‘ Thou art a murtherer,’ the words would not be actionable, if the defendant could make it appear that he was conversing with the plaintiff concerning unlawful hunting, when the plaintiff confessed that he killed several hares with certain engines, upon which the defendant said, ‘ Thou art a murtherer,’ meaning a murtherer of hares so killed. 4 Co. 13. But the words, 11 think the business ought to have the most rigid inquiry, for he murdered his first wife, that is, he administered improperly medicines to her for a certain complaint, which was the cause of her death,’ were held to be *336 actionable, as importing at least a charge of manslaughter ; and though the words werp doubtful, the doubt would be cured by the finding of a jury, that they were meant in that sense. Ford v. Primrose, 5 D. & R. 289.” 1 Stark, on Slander, Wend. ed. 99, et seq.