### LAINE *vs.* WELLS.

In *slander*, where the charge is *felony*, and the defendant has neither pleaded or given notice of *justification*, evidence that the charge related to a transaction, in which, if the defendant was an actor, it by no means followed that he was innocent of the crime imputed to him, is *inadmissible*.

So, also, where there is no *ambiguity* in words charging a *felony*, the question whether the plaintiff was guilty of a *felony*, or only a *trespass* in the transaction alluded to, is not a proper subject of consideration for the jury, unless the transaction manifestly shews, that in relation to it a felony could not have been committed.

ERROR from the Yates common pleas. Laine sued Wells in an action of *slander*, for charging him with having *stolen* a barrel of pork from one William Babcock. The defendant pleaded the general issue, and attached to his plea a *notice* that on the trial of the cause he would prove, that before the speaking of the words, the parties, plaintiff and defendant, jointly

purchased of William Babcock two barrels of damaged *prime* pork, at the price of $8 per barrel, and that in taking away the pork, the plaintiff, instead of taking the two barrels purchased, took, without the knowledge of the defendant or of Babcock, one barrel of *mess* pork, of the value of $14, which he kept himself, and gave the barrel of *prime* pork to the defendant; that Babcock sued them for the difference in the value of pork, and the defendant was obliged to pay the amount recovered; and that the words charged in the declaration to have been spoken by the defendant were spoken in reference to that transaction. On the trial of the cause, the words charged were proved by two witnesses to have been spoken; they both understood the defendant to refer to the transaction set forth in the notice, but there were other persons present, and the charge was made without any explanation. The defendant called Babcock as a witness, to prove the truth of the facts set forth in the notice; the plaintiff objected to the evidence, on the ground that it amounted to any thing, it would establish a justification, and that the defendant having neither pleaded or given notice of justification, had not the right to give such evidence. The counsel for the defendant disclaimed the intention of offering the evidence in justification, as he did not, and should not insist that the plaintiff had taken the pork feloniously. The court overruled the objection, and the plaintiff excepted to the decision. Babcock was sworn, and proved the facts set forth in the notice. The court charged the jury that it was for them to determine whether the conduct of the plaintiff, testified to by Babcock, amounted to stealing, or whether the taking the mess pork was by mistake; that if they should be of opinion that it amounted to stealing, the evidence of Babcock could not avail the defendant, as he had not pleaded or given notice of justification: and that in the opinion of the court, if the defendant, at the time of the speaking of the words, alluded to the transaction testified to by Babcock, it constituted no defence, unless all those who heard the charge at the time it was made, knew that it related to a transaction that did not constitute stealing. The counsel for the plaintiff excepted to that part of the charge which submitted to the jury the question whether the

transaction testified to by Babcock amounted to stealing or NEW-YORK, not. The jury found a verdict for the defendant, on which May, 1831. judgment was entered, and the plaintiff sued out a writ of error.

Laine
v.
Wells.

J. A. Spencer, for plaintiff in error.

E. Van Buren, for defendant in error.

By the Court, SAVAGE, Ch. J. The defendant in error contends that this case comes within the principle of the cases of Van Rensselaer v. Dole, 1 Johns. Cas. 279, and Dexter v. Taber, 12 Johns. R. 239. In the first of those cases the words charged the plaintiff and others with being robbers and murderers, but were understood by the witnesses to relate to an unpleasant fracas which took place the day preceding, and which was nothing like robbery or murder. In the latter the charge was that the plaintiff was a thief, and that he stole hoop poles and saw logs, and the witnesses understood the charge to relate to cutting *standing timber*. The words " you are a thief, you stole hoop poles and saw logs," might mean a charge of felony, or only a trespass, as both words were used to describe standing and felled timber ; it was left to the jury, therefore, to ascertain in what sense the defendant used the words ; not whether the transaction itself was a trespass or a felony. In analogy to this last case, if there were any, the jury here should have been instructed to determine whether the defendant intended to charge the plaintiff with a felony, or with taking the barrel of pork by mistake.

The case of *Van Rensselaer* v. *Dole*, proceeds upon the principle, that notwithstanding the language used, the crimes imputed by the words could not have been intended to have been charged, as they related to a very different transaction. That case bears no analogy to this; here it might well be that the plaintiff feloniously exchanged the barrel of prime pork for one of mess ; and if so, he was a thief. In the case of *Dexter* v. *Taber*, the words spoken were ambiguous : " you stole hoop poles and saw logs." These words the court said might mean either timber standing, or that which had been cut ; if the for-

NEW-YORK,
May, 1831.

mer, it was only a trespass; but there is no such ambiguity here; there is no sense in which a man may be said to steal a barrel of pork without committing a felony; and there was no allusion to a transaction which could not be felony. There is, therefore no analogy between this case and the two which have been cited.

The testimony of Babcock was improperly received, as the defendant disavowed justifying. Unless the defendant could justify by the testimony of Babcock, it could be of no use to him. If the pork was taken by mistake, he had no right to charge the plaintiff with stealing. The defendant's notice seems to have a justification in view, though it does not state that the evidence will be offered in *justification;* neither does it purport to be offered in *mitigation.* It certainly fails in shewing that the transaction could not be a felony, and that therefore the words were innocent.

Judgment reversed, costs to abide the event, and *venire de novo* to be awarded by the Yates common pleas.