## CORNELIUS *vs.* VAN SLYCK.

An action of *slander* lies where the words are, *you will steal*, and it is averred in the declaration that the defendant by the speaking of the words meant and *intended to have it understood* and believed, that the defendant had been guilty of larceny.

Such an averment in the declaration following immediately after the setting forth of the words spoken, was in this case held sufficient.

DEMURRER to declaration. The plaintiff declared in *slander*, for that the defendant in a discourse had with the plaintiff in the presence and hearing of divers citizens, uttered these words, " You will steal and I can prove it," adding, " thereby, meaning and intending to have it understood and " believed by those citizens last aforesaid, that the said plain-" tiff had been guilty of stealing, or larceny." There was a *second count* charging the words to have been spoken of and concerning the plaintiff in the third person, " he will steal," &c. with a like averment, as in the first count. The defendant demurred for that the words did not impute a *crime*, that they imputed only a *disposition to steal*, and therefore were not actionable.

*S. Stevens*, for the defendant. An action does not lie for words charging an *intent* to commit a crime, unless the *in-*

*tent* be made punishable by statute. If the words were spoken under circumstances, which would authorize a jury to find that the object of the defendant was to impute a crime, the circumstances should have been stated, and the plaintiff ought specially to have averred that such was the object of the speaker, as was held in *Andrews* v. *Woodmanse*, 15 Wendell, 233. Here is a mere *innuendo*, and that is not sufficient. 5 Johns. R. 211. 16 Wendell, 9.

 *D. Wright & M. T. Reynolds*, for the plaintiff.

*By the Court*, COWEN, J. Taking all the words together, *you* or *he* " will steal, and I can prove it," we think they may very well be taken to import a charge that the plaintiff had stolen, and may therefore be laid with an *innuendo* to that effect. How.could the defendant prove that the plaintiff would steal, without showing an act of larceny, and seeking to infer the propensity from that? Other modes of proof might perhaps be conceived of; but not very easily. It must require an effort of the mind, which few by-standers would exert. One inquiring the character of another, and receiving for answer " he will steal," would, it seems to me, of itself and without any thing more, be at once understood by the inquirer as equivalent to saying he had stolen. Words should be taken in the sense in which they would probably be understood by the hearers. Where they plainly import a charge of mere intention to do a criminal act, or only amount to an assertion that the plaintiff will do it at a future time, they are not actionable; yet a party can not protect himself from an action by the mere grammatical structure of his phrase. *Goodrich* v. *Woolcott*, 3 Cowen, 231, is certainly an authority for saying that words of more equivocal meaning than these will sustain a verdict, there being an averment that they were meant and understood to charge a crime ; and I collect from the reasoning of the court, that they would have held the declaration good against a demurrer. A man says of another he will get drunk, he will lie or use profane language; would the hearer doubt that a charge of his being habitually addicted to such vices,

was intended ?   And supposing them to be slanderous, which they would be in some cases, as if uttered of a clergyman, who would deny that such an import might be directly affixed to them, by a mere innuendo ?   A *fortiori*, if followed by stating that the vices insinuated in such a form could be proved ?

We think the demuerer is ill taken; and that judgment must be for the plaintiff.