Scatbs, Justice, delivered the opinion of the court: Case for slander. The words laid were, “ You are a damned thief; ” “If you have got money, you stole it; ” “ I believe you are a damned thief; I believe you will steal.” General issue ; and verdict for the defendant. Motion for new trial, for misdirection of the court, and because the verdict is against law and evidence. ' The court overruled the motion, and the plaintiff excepted, preserving a part of the evidence and the instructions given and refused. He now assigns for error: first, the denial of his motion; second, the giving the defendant’s instructions; and, third, the refusal to give instructions prayed for by him. The instructions asked by the defendant, and given by the court, were, “ That if the jury believe from the testimony, that Ingalls at the time he called McKee a thief, did not intend to impute felony to him, the words are not actionable, and they must find for the defendant. That if the words were used .by Ingalls in heat and passion, and he did not intend to impute felony to the plaintiff, they must find for the defendant. That the words, if you have any property, you stole it; I believe you will steal; and other similar conditional expressions, are not such words as will sustain this action; and the jury can not find a verdict against the defendant for using such words. That the question of the defendant’s malice is a question of fact for the jury, upon consideration of all the facts and conversations; and that if they believe the words “You are a damned thief,” were spoken in heat and passion, and without intention to accuse of stealing any article of personal property, they must find for the defendant. The speaking of actionable words is evidence of malice. Malice is the gist of this action. 2 Selw. N. P. 428, 438; 12 Johns. 240; 3 Chit. Blac. 93; 3 Mass. 553; Swift’s Ev. 487. It is said in 8 Cowen 87, that the doctrine of construing words in mitiori sensu is exploded; and words are to be taken and understood in their common acceptation. 3 Johns. 239. This is a common sense rule, but would hardly apply that common acceptation in the more criminal sense, if the words would equally bear the milder, and it be doubtful in which sense they were used. The better rule, seems to me, to be, to hold the party responsible for the words in the sense in which he spoke them, as laid down in 21 Wend. 70; 8 Johns. 74. If the meaning- be doubtful, other parts of the same [* 33] conversation may explain it, and do away the malicious intent. If there be no such explanatory conversation, the law will infer malice. 2 Stark. Ev. 472 ; 12 Johns. 240 ; Wend. 177. The defendant, however, has a right to explain the meaning, and rebut the presumption of malice by proof (1 Johns. Cas. 279) ; and the witness may be asked his opinion as to the intent of the party to impute crime, if it be doubtful. 2 Stark. Ev. 461; 12 Johns. 240. But it should be an imputation of crime; not barely an intent to commit crime, which would not be actionable. 3 Chit. Blac. 93; 2 Selw. N. P. 428; 5 Bos. and Pul. 335. ' The word thief is not actionable, (1 Campb. N. P. 48,) unless the defendant intended to impute crime, which the law will presxime, if not explained. So it has been held in Massachusetts and other states, that words spoken through mere heat of passion are not actionable (3 Mass. 653; Swift’s Ev. 487); and I think very justly, as it evidences a want of deliberation and malice, which is the gravamen of this action. The instructions, therefore, given for the defendant, were proper, as falling within these principles. They contain the summary of the law governing the ease : that the ground of the action was malice; that the jury were judges of that malice; that all the facts and conversations, were to be weighed in ascertaining it; a,nd that if they believe he did not speak the words with that intent, they should find for the defendant. There were seven instructions asked by the plaintiff,. which the court gave, embodying many of the principles as above laid down : that the law presumes malice from actionable words; that proving them substantially as laid will entitle the plaintiff to recover; that they must be taken in their common acceptation; that the law implies damage from actionable words; that the law presumes that the defendant intended the injury the slander is calculated to effect; and that drunkenness is no excuse for speaking slanderously. These were all given, and, together with the defendant’s, define the law about as accurately as it is laid down in the books, and embrace pretty much the whole doctrine of slander. It is also a rule, that courts will not grant new trials, merely to enable the party to recover vindictive damages. The evidence set out in the record seems to establish very clearly the speaking of the actionable words. But the party had a right to call explanatory witnesses to rebut the malice, and defeat the action. What he did, or might have proven, does not appear. It may be, that he wholly explained away the malicious intent; if so, we ought not to grant a new trial upon the evidence. It is impossible for this court to determine upon the propriety of granting a new trial, on the ground that the finding of the jury was against evidence, unless we have all the evidence upon which they found before us. If we grant new trials [* 34] upon bills of exceptions containing all the evidence that would sustain the action, without that which explained and rebutted it, very few verdicts could stand. The plaintiff might prove his account, or produce his note, and upon this'evidence the court must grant a new trial, notwithstanding the defendant had proved payment, or an off-set to a greater amount. The injustice of it is too manifest to admit such a rule. We see'sufficient testimony to sustain the plaintiff’s action; but the defendant’s answer to, and explanation of it, is concealed. It is the duty of a party excepting to set forth, in his bill of exceptions, the whole matter necessary to make the very truth and right of that matter appear; and the omission shall be taken most strongly against him. 2 Scam. 547; Rogers v. Hall, 3 Scam. 5. The other error questions the refusal of the following instruction : “ If the words were spoken in wantonness, or jest, or without occasion, it is no excuse.” It is to be remarked that courts will not give mere abstract propositions of law, as instructions, to a jury, where they have no application to any evidence or facts before them. For want of the whole evidence, we are unable to say whether there was any to which this would apply, admitting that it contained a correct legal proposition. But, notwithstanding it is drawn up, in nearly the language of Mr. Starkie, (2 Stark. Ev. 4(14,) he gives no authority but Sergeant Hawkins. 1 Hawk. PI. Crown 356, cap. 73, § § 13, 14. Hawkins, in § 12, goes on to speak of several’ acts that .will not be- deemed a publication of a libel, to wit, barely reading it, in presence of others, not knowing before that it was a libel; or laughs at it, when read by another ; or barely says that such a libel is made upon another, or the bare possession of a libel not published and known. Pie then goes on to say: “ Also, it hath been holden, that he who repeats part of a libel in merriment, without malice, and with no purpose of defamation, is no way punishable.” “ But,’.’ he adds, “ it seemeth that the reasonableness of this opinion may be justly questioned ; for jests of this kind are not to be endured, and the injury to the party grieved is no way lessened by the merriment of him who makes so light of it.” He cites Moore 627, and 9 Coke 59, for the section, without distinguishing whether for the holding that mere repetition is merriment without malice is not actionable ; or for the doubt cast upon that ruling. We understand the authorities as vouched to sustain the holding laid down, and that the remainder is the opinion of Sergeant Hawkins, and .to which Mr. Starkie had added the authority of .his opinion. We are, however, unanimously of the opinion', that, merriment or jesting, without malice, is not actionable. It would be ’[* 35] calculated to shake the well setted doctrine that malice is the gist of this offence. But if such merriment and jest.'ing be malicious, and with a purpose of defamation, it would cer- ■ tainly be actionable. The judgment is affirmed with costs. Judgment affirmed.