### BARTHOLOMEW FANNING *vs.* JAMES H. CHACE.

Language which charges a man with intending at some future time to commit an offence is not actionable.

Language which merely expresses an opinion as to what a man's future conduct or character will be is not actionable.

To say of a man, "He is going to start a house of ill fame," is neither actionable nor a legal defamation.

SLANDER.   On demurrer to the declaration.

*June* 13, 1891.  TILLINGHAST, J.  This is an action of trespass on the case for slander. The declaration, to which the defendant demurs, sets out that the plaintiff is a licensed retail liquor dealer in the city of Providence, and has been such for a long time. That anticipating a renewal of his license for the year 1890–91, he made large purchases of liquor in advance, and also refitted and refurnished his saloon at large expense. That the defendant, well knowing the premises, but intending to injure him, the plaintiff, and prevent him from again procuring a license for carrying on his said business, in the presence and hearing of divers good citizens, uttered, declared, and published the following false, scandalous, and malicious words of and concerning the plaintiff, viz.: " He (meaning the plaintiff) is going to start a house of ill fame (meaning a house to be kept for the purposes of prostitution), so sign a protest against him " (meaning the plaintiff), meaning and intending thereby that said plaintiff was going to start a house to be kept and maintained for the purposes of prostitution, and that said plaintiff ought not to be granted a license to carry on the business of a retail liquor dealer as he desired, in accordance with his application on file in the office of the license commissioners in said city, and therefore that they should sign a written remonstrance protesting that said plaintiff ought to be refused a license, which said defendant then and there presented to said people.

The declaration further sets out that in consequence of the uttering and publishing of said words by the defendant, the majority of

persons owning the greater part of the land within two hundred feet of the said saloon, or who were occupants of the land, signed a remonstrance protesting that a license should not be granted to the plaintiff to carry on said business, whereupon said license commissioners refused to grant such license, and were rendered unable to grant the same.    The declaration also alleges special damage.

The principal ground urged in support of the demurrer is, that the words complained of, since they do not amount to an imputation of the commission of an offence, but only to a charge of an *intention* to commit one, are not actionable either *per se*, or from having caused special damage.

The main question raised by the demurrer, therefore, is this, viz.: Are words actionable which merely impute a criminal intention to another ?    We think this question must be answered in the negative.    Words which falsely charge a person with the commission of a criminal offence are actionable, upon the familiar ground that they may endanger him by subjecting him to the penalties of the law, and render him infamous in the community.    But the charge, in order to be obnoxious to the law, must be of an offence actually committed or attempted, a punishable offence, and not of an offence existing in contemplation or intention merely, for the law does not take cognizance of one's intentions merely, however malicious or wicked they may be, but only takes cognizance thereof when coupled with and giving significance to his acts.    So that, in order to render one's intent of any importance in the eye of the law, it must be combined with his act.

It therefore follows that, as mere intent to commit a crime is not a violation of law, and hence not punishable, to accuse one of having such an intent is not to accuse him of any crime or offence.

The language which the plaintiff complains of as being slanderous is this : " He is going to start a house of ill fame."    This language, if indeed it is anything more than the expression of an opinion on the part of the defendant, does not amount to a charge of any crime or offence, or even of an attempt to commit one.    At the most, it is only a charge that the plaintiff intends at some future time to commit one.

That such a charge is not actionable is one of the few things

in the law of slander which is evidently settled beyond contro-
versy.

The law upon this point is well stated in the American Encyclo-
pædia of Law, Vol. 13, p. 353, as follows : " Words which merely
impute a criminal intention, not yet put into action, are not action-
able.    Guilty thoughts are not a crime.    But as soon as any step
is taken to carry out such intention, as soon as any overt act is
done, an *attempt* to commit a crime has been made; and every
attempt to commit an indictable offence is at common law a mis-
demeanor, and in itself indictable."

To impute such an attempt is, therefore, clearly actionable.

In *Cornelius* v. *Van Slyck*, 21 Wend. 70, 71, the court, in speak-
ing of the sense in which words should be taken, say : " Where they
plainly import a charge of mere intention to do a criminal act, or
only amount to an assertion that the plaintiff will do it at a future
time, they are not actionable."

In *Seaton* v. *Cordray*, Wright, Ohio, 101, the court say : " An
action may be sustained for charging another with being a thief, or
with having stolen, but not for imputing a *mere intention to steal*,
or with having an *evil disposition*.    The foundation of the slander
is, that the charge, if true, would subject the accused to infamous
punishment; and evil disposition, without act, cannot so subject
any one."    See, also, Townshend on Slander and Libel, 3d ed.
161; *McKee* v. *Ingalls*, 5 Ill. 30 ; *Harrison* v. *Stratton*, 4 Esp.
218; *Wilson* v. *Tatum*, 8 Jones, N. Car. 300 ; *Stoner* v. *Audely*,
Cro. Eliz. 250 ; *Dr. Poe's Case*, cited in *Murrey* v. ——, 2 Bulstr.
206; *Sillars* v. *Collier*, 151 Mass. 50, 53, 54; Odgers on Libel
and Slander, 57, 1 Vin. Abr. 440.

But the plaintiff contends in support of his declaration, that any
defamatory or disparaging words, spoken of another, which cause
special damage, are actionable.

While we cannot subscribe to quite so broad a statement of the
law as this, yet we think that the proposition is substantially cor-
rect.    That is to say, that false, defamatory words, spoken of
another, are either actionable *per se*, or by reason of having caused
special damage.

We do not think, however, that the words relied on in the decla-
ration *are defamatory* within the legal meaning of that term.

To defame another, by language, is to harm or destroy his good fame or reputation, or to disgrace or calumniate him. In order to have this evil effect, however, it is evident that the language used concerning him must relate to his conduct or character as they now are, or have been in the past, and not be the mere opinion of the speaker, as to what they will be at some indefinite period in the future.

In other words, that language which amounts to a mere assertion or opinion as to what will be the future conduct or character of another is not actionable ; but that it is only actionable when it relates to what the person now is or has been in the past, or to what he is doing, or attempting to do, or has done, or attempted to do in the past ; that is, when it relates to something which is actual, instead of something which is merely imaginary or conjectural.

The character of a man is what he now is, and not what he may be at some future time.

Amongst the multitudes of different forms of expression found in the books, which have been held to be actionable, we have been unable to find any case, nor have we been referred to any, in which language analogous to that relied on in the plaintiff's declaration has been held sufficient to maintain an action for slander.

*Demurrer sustained.*

*George J. West,* for plaintiff.
*James M. Ripley & George A. Littlefield,* for defendant.