## BAYS v. HUNT.

| 60 | 251 |
|----|-----|
| 78 | 623 |

| 60 | 251 |
|----|-----|
| 81 | 71 |

| 60 | 251 |
|----|-----|
| 95 | 74 |

| 60 | 251 |
|----|-----|
| 100 | 160 |

| 60 | 251 |
|----|-----|
| e109 | 659 |

| 60 | 251 |
|----|-----|
| 111 | 292 |

| 60 | 251 |
|----|-----|
| 124 | 723 |

1. **Slander:** WORDS NOT CHARGING A CRIME COMMITTED. The words "you will steal," or "I believe you will steal" do not of themselves imply a charge of the crime of larceny committed in the past, and are not actionable *per se;* but it is competent to show that the words spoken, under the peculiar circumstances attending their utterance, expressed a charge of crime before committed, in which case they should be regarded as actionable.

2. **Practice in Supreme Court:** EVIDENCE: DEFECTIVE ABSTRACT. Where appellant complains that the court did not permit certain questions to be answered, but the abstract does not show what facts the questions were intended to elicit, this court cannot say that the rulings of the trial court were erroneous.

3. **Practice:** LIMITING NUMBER OF WITNESSESS: DISCRETION OF THE COURT. It was not error for the court to make a rule limiting the number of witnesses that should be introduced by the parties upon the question of plaintiff's credibility:—Following *Everett v. U. P. R. Co.*, 59 Iowa, 243.

4. **Slander:** CANDIDATE FOR OFFICE: INSTRUCTION. An instruction to the jury to the effect that, if plaintiff was a candidate for office, and seeking the support of the electors, at the time the words were spoken, and defendant had been informed and believed that the words were true, and spoke them without malice and in good faith to some of the electors, for the sole purpose of advising them of the real character and qualifications of plaintiff for the office he was seeking, in that case the speaking of the words was privileged, and defendant is not liable therefor:—*Held* not erroneous. *Mott v. Dawson*, 46 Iowa, 533, distinguished.

*Appeal from Shelby Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION FOR SLANDER. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*Sapp & Lyman*, for appellant.

*Smith & Cullison*, for appellee.

BECK J.—I. The petition alleges the speaking of the following among other words: "I (meaning defendant) believe you (meaning plaintiff) will steal; you (meaning plaintiff) are religiously and politically dishonest; D. H. Bays will steal; D. H. Bays is dishonest."

The plaintiff assigns for error the alleged action of the court in striking from the petition these words upon motion of defendant. The defendant filed an amended abstract, showing that the words were not stricken, but that his motion asking therefor was overruled. The amended abstract is denied by plaintiff. We have, therefore, found it necessary to examine the transcript. We find that the amended abstract is correct, and that it does appear that defendant's motion was overruled. The abstract filed by plaintiff shows that the words could not have been stricken. The court, in stating the issues in the instructions given to the jury, recites the words above quoted and others, alleging that they are the specific words, the speaking of which are complained of by plaintiff.

II. The Circuit Court gave to the jury the following instruction:

"2. If the defendant said of the plaintiff 'you will steal,' or 'I believe you will steal,' or 'you are religiously and politi-

1. SLANDER: cally dishonest,' or 'D. H. Bays is dishonest,'
words not
charging a   these sentences or any of them, if spoken ordin-
crime com-
mitted.      arily or without aid from the attendant circum-
stances, would import simply an expression of the defendant's opinion concerning the plaintiff. They do not of themselves, nor does any one of them, purport to charge any specific act as having been committed by the plaintiff, which would make larceny.

"For this reason these sentences, or any of them if spoken, and without more, will not of themselves make a cause of ac-

tion, or make the defendant liable. They will not, in the absence of proof by circumstances giving to them some other than their ordinary meaning, be regarded as actionable.

"But if defendant said of plaintiff, 'I believe you will steal,' or 'you will steal,' and if the surroundings and circumstances then known to speaker and hearers gave the words reference to any specific transaction or occurrence, so that the hearers would naturally understand the speaker to impute to the plaintiff the actual commission of some act of larceny, instead of merely expressing the defendant's opinion or belief as to plaintiff's moral character, then the words should be considered as actionable, and will give a right of recovery to the plaintiff, unless this right is defeated by the establishment of some one of the defenses pleaded."

This instruction is the ground of complaint made by plaintiff, who insists that the words, "you *will* steal, I believe you *will* steal," imply a charge that plaintiff, of whom the words were spoken, has committed the crime of larceny. There is no dispute upon the point that, to constitute words of the character of those set out in the petition actionable *per se*, they must import a charge of crime. The question for determination in this branch of the case is this: Do the words above recited express such a charge? If the words only imply the purpose or intention on the part of the person spoken of to commit a crime, or describe him as possessing a disposition, or as wanting moral qualities which would prompt him, to commit the crime, or amount to an allegation that, if opportunity offers, he would commit it, they are not actionable *per se*.

The expression of a belief that plaintiff *will* steal may be regarded as an allegation that he *will* steal. But the expression "you will steal," is not to be regarded as an allegation that plaintiff did steal or has stolen. It expresses the thought that, in the future, he will commit the crime; that he possesses the qualities of heart which will lead to the crime and the purpose to commit it, when opportunity therefor arises. It is

plain that the words do not imply a charge of the crime committed in the past.

It is said in Townshend on Slander and Libel (2 Ed.), 192, that the words "you will steal" import a charge of larceny. *Cornelius v. Van Slyck*, 21 Wend., 70, is the only case pertaining to the question cited by the author. But it fails to support the doctrine of the text. The words held to be actionable are, "you *will* steal and I can prove it." The conclusion that the words are actionable seems to be based upon those which declare that the speaker could prove that the crime of larceny had been committed by the other party, the court holding that they imply a charge of crime before committed. The doctrine is announced in the decision, that an assertion of an intention on the part of the person spoken of to commit crime, and that he will, in the future, do a criminal act, is not actionable.

Of course, it was competent for the plaintiff to show that the words spoken under the peculiar circumstances attending their utterance expressed a charge of crime before committed. And if the jury so found, the language should be regarded as actionable *per se*. The thought is sufficiently expressed in the instruction.

III. Separate questions asked two of his witnesses by plaintiff, and a question asked defendant upon cross-examination, were not permitted to be answered by the court. These rulings are now complained of by plaintiff. The abstract does not show the facts intended to be elicited by the questions. Unless this be made to appear and prejudice be shown in that manner, we cannot review the rulings. See *Jenks v. Knotts Mexican Silver Mining Co.*, 58 Iowa, 549.

2. PRACTICE in supreme court: evidence: defective abstract.

IV. The court limited the number of witnesses to be introduced by the parties upon the question of plaintiff's credibilty, which was assailed by testimony impeaching his character. The court refused to permit a witness for plaintiff to be examined, on the

3. PRACTICE: limiting number of witnesses: discretion of court.

ground that the number of witnesses prescribed by the rule had been examined by plaintiff. The right of the court to make and enforce such a rule is recognized in *Everett v. U. P. Ry. Co.*, 59 Iowa, 243. There exists no distinction in principle between that case and this.

V. The court directed the jury that if plaintiff was a candidate for office, and seeking the support of the electors at the time the words were spoken, and defendant had been informed and believed that the words were true, and spoke them without malice and in good faith to some of the electors, for the sole purpose of advising them of the real character and qualifications of plaintiff for the office he was seeking, in that case the speaking of the words was privileged, and defendant is not liable therefor. Counsel for plaintiff insists that the instruction is erroneous, for the reason that it is not qualified, as it ought to have been, with the thought that defendant should have reasonable and probable cause, as a prudent, careful man, to believe the words spoken to be true. We are of the opinion that the instruction as given is correct.

*4. SLANDER: candidate for office: instruction.*

Belief in the truth of the words, and hearsay, as probable ground for belief, justified defendant in imparting the information in good faith to the electors. Townshend on Slander and Libel (2 Ed.), § 241, and notes.

All men, in the gravest affairs, are accustomed to act upon information received from others, which is fully believed by them. In order to justify their action under such belief, the law does not provide a standard by which to measure their credulity. It simply requires an honest belief, which presupposes the exercise of the faculties of the mind and the knowledge possessed by them as would be done by an ordinarily prudent and careful man.

*Mott v. Dawson*, 46 Iowa, 533, is not in conflict with these views. An instruction given to the jury in that case, to the effect that the defendant "must have believed the charge, and have good and reasonable cause so to believe as an ordinar-

ily careful and prudent man," was approved by this court. But it was not ruled that the instruction without the qualification in question, and simply based upon defendant's actual and honest belief, would not have been sufficient. In that form it would have been in accord with the rule above quoted from Townshend on Slander and Libel.

The foregoing discussion disposes of all questions in the case which are urged in argument by counsel. In view of the conclusions we have announced, it becomes unnecessary to pass upon a motion made by defendant to strike the evidence from the abstract and transcript.

The judgment of the Circuit Court is

· AFFIRMED.