NELSON v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1. **Railroads**: INJURY TO EMPLOYE: NEGLIGENCE: EVIDENCE. Plaintiff sues for injuries received by being struck with the crank of a windlass used in connection with a ditching machine. The negligence charged consisted in a co-employe's releasing the brake without warning to plaintiff. It is apparent that if he had been so warned he would not have been injured. There was evidence tending to show due care on plaintiff's part, and negligence on the part of the co-employe, so that a verdict for plaintiff cannot be set aside in this court.

2. **Deposition**: USE OF BY AGREEMENT. Prior to the first trial in this case the parties entered into a written agreement that the deposition of plaintiff, already taken, might be used in evidence on the trial of the cause. But plaintiff was present and testified in person at that trial. At the second trial, however, plaintiff was absent, and the court, against defendant's objection, admitted the deposition. *Held* that this was justified by the agreement.

3. **Appeal**: REVIEWING ARGUMENT TO JURY. Complaint is made to this court of the argument of plaintiff's counsel to the jury, and the argument is printed at length in the abstract; but in the absence of a showing in the abstract that it was preserved by a bill of exceptions, or in some other way recognized by the statute and the practice of the courts, this court cannot consider the complaint.

*Appeal from Scott District Court.*—HON. ANDREW HOWAT, Judge.

FILED, MAY 14, 1889.

ACTION by a railroad employe to recover for personal injuries sustained through the negligence of a co-employe while engaged in operating a ditching machine used in connection with an engine and cars upon defendant's railroad. There was a judgment on a verdict for plaintiff. Defendant appeals. The case has been before in this court. See 73 Iowa, 576.

*Wm. K. White* and *Grant & Grant*, for appellant.

*Heinz & Hirschl*, for appellee.

BECK, J.—I. It was determined in the former appeal in this case that plaintiff, while working upon the ditching machine, was employed in connection with the use and operation of the railroad.

II. The evidence shows that plaintiff incurred the injury while he was working at the crank of a windlass used to raise and lower a bucket or shovel.

1. RAILROADS: injury to employe: negligence: evidence.

The windlass was controlled by a brake in charge of an employe. The injury to plaintiff resulted from being struck by the handle of the windlass, which broke his shoulder. The negligence charged consisted in the employe's releasing the brake without warning or notice to plaintiff. Counsel for defendant insist that the evidence fails to show negligence on the part of any co-employe, and that plaintiff fails to show that he was in the exercise of due care. We think there is evidence upon both of these points tending to support the verdict. Plaintiff testifies, in effect, that he was not informed that the brake was to be taken off, so that the bucket would drop as it did. He is corroborated as to this point. It is quite apparent that, had he been warned, he would have escaped the injury. Upon these facts and others the jury could well have found negligence on the part of plaintiff's co-employe, and that he was in the exercise of due care.

III. Before the first trial in the case, the deposition of plaintiff had been taken in his own behalf. The parties entered into a written agreement to the effect that the deposition "may be used in evidence on the trial of the cause," subject to objections noted therein. The plaintiff being present at the first trial, the deposition was not read. He testified orally. After the reversal of the case, the cause was again brought to trial, and, plaintiff not being present, the deposition was permitted to be read, against

2. DEPOSITION: use of by agreement.

defendant's objection. We think the court below correctly ruled on this point. The written agreement is not limited in time as to its stipulation for the reading of the deposition. It had not been read. It was agreed that it should be. The agreement does not prescribe when it shall be read, except that it "may be used in evidence on the trial of the cause." Now, we cannot interpolate words into this contract which will restrict its use to the first trial. It is agreed that it may be read. If counsel's views are correct, the agreement becomes inoperative, and is thus defeated, for it can never be used at all. We think the deposition was rightly admitted.

IV. Counsel for defendant complain of the argument made by plaintiff's counsel to the jury, and insist that it was in violation of the rules of the law applicable to the duty and privileges of counsel, and was prejudicial to defendant. The argument is printed at great length in the abstract. We are unable to declare that it so violates the rules of the law applicable to the matters as to require a reversal of the judgment in the case. But we cannot enter into a consideration of the argument for the reason that it is not shown by the abstract that it was preserved by a bill of exceptions, or in any other way recognized by the statute and the practice of the courts. It is only shown as a part of the motion for a new trial.

8. APPEAL: reviewing argument to jury.

No other questions are discussed by counsel. In our opinion the judgment of the district court ought to be                                     AFFIRMED.