## THE STATE v. CLEMONS.

1.  **Seduction:** EVIDENCE AS TO CHILD BORN. The prosecuting witness in a seduction case was properly allowed to testify that at a certain date after the alleged seduction she gave birth to a child, and that the child with her was the child,—such testimony tending to corroborate her as to the fact that she had sexual intercourse and the date thereof, though not tending to connect the defendant with the crime. The record in this case shows no claim that the child resembled the defendant, and it was not produced in evidence of such claim.

2.  ———: EVIDENCE. AS TO PRIOR CHASTITY. As bearing on the question of the chastity of the prosecutrix in a seduction case, it was error to exclude the testimony of one with whom she lived, that she was out often late at night before the alleged seduction.

3.  ———: ———: SUBSEQUENT DECLARATIONS: INSTRUCTION. An instruction to the effect that nothing said by the prosecutrix after her alleged seduction can be considered to show her want of prior chastity is clearly erroneous, because it excludes her own declarations and admissions as to her prior evil practices.

4.  **Appeal:** MISBEHAVIOR OF COUNSEL BELOW. A complaint that counsel for appellee was guilty of prejudicial misconduct in the trial below cannot be considered in this court, where the facts are not made of record by bill of exceptions or certificate of the trial judge. Affidavits filed in this court are not sufficient. (See *Rayburn v. Railway Co.*, 74 Iowa, 637.)

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

FILED, JUNE 5, 1889.

DEFENDANT was indicted and convicted of seduction. He now appeals to this court.

*Hays Bros.*, for appellant.

*John Y. Stone*, Attorney General, and *G. W. Crozier*, County Attorney, for the State.

BECK, J.—I. The prosecuting witness was permitted to testify, against defendant's objection, that after the alleged seduction she gave birth to a child, and to state the date of such birth. She also testified that the child she had with her was the child. The facts of the birth of a child, and the date of such birth, were matters connected with the alleged seduction proper to be shown in support of prosecutrix' testimony that she had sexual intercourse, and the time thereof. This evidence does not connect defendant with the crime, and does not, therefore, corroborate the prosecutrix in that way and to that extent. It was not introduced and admitted for that purpose. The reference to the child was not erroneously permitted. We know of no rule which would require the separation of the mother and child while she testified or was present at the trial. It was not improper for her to state that the child was the one she alleged was begotten by defendant. The child was not produced to exhibit an alleged resemblance to the defendant. The record shows no claim of that kind.

*1. SEDUCTION : evidence as to child born.*

II. A witness with whom the prosecutrix lived was not permitted to testify that she was out often late at night before the alleged seduction. The evidence was competent upon the question of the chaste character of the prosecutrix, and ought to have been admitted. It has always been well understood that roaming at night is an evidence of want of virtue in a woman. A "night walker" is a name applied to one who roams at night for evil purpose. No good purpose can ordinarily take a young girl with frequency, late at night, away from her home.

*2. ——: evidence as to prior chastity.*

III. The court instructed the jury that defendant is presumed by the law to have been of chaste character prior to the alleged seduction, and the defendant must overcome this presumption by proof of previous unchastity, but that "no acts, conduct or words [ of the prosecutrix ] after the alleged seduction, if any have been proven, can be by you considered in determining whether the previous character was chaste or unchaste." This instruction declares that nothing said· or spoken by the prosecutrix after the seduction can be considered to show her want of chastity. It is clearly erroneous. No one can doubt that declarations or admissions made after seduction, as to her prior practices, would be admissible in evidence to show her prior unchastity. Indeed, just such evidence was given in this case. It may be that the court below did not use the language quoted in the sense we have expressed, but it is certain that it is the plain meaning of the instruction, and we must presume that the jury so understood it.

*3. ——: ——: subsequent declarations: instruction.*

IV. It is urged as an objection to the judgment that counsel for the state were guilty of misbehavior in making statements not based upon the evidence, and not proper matters to be used in the discussion of the case. The alleged facts upon which the objection under consideration is based are not shown by a bill of exceptions, or a certificate of the court below. We have held that misbehavior of this kind cannot be established by affidavits. It must appear in the record by bill of exception or certificate of the judge. We cannot, therefore, consider the objections based upon the alleged misbehavior. *Rayburn v. Railway Co.*, 74 Iowa, 637. The motion by the state to strike the affidavits from the abstract need not be considered. Other questions discussed by counsel need not be considered, as they may not again arise, and the judgment, for the errors noticed in the second and third points of this opinion, must be

*4. APPEAL: misbehavior of counsel below.*

REVERSED.