STATE OF IOWA v. C. B. KEENAN, Appellant.

**Libel:** WHAT IS. Complainant was a county superintendent of schools, and defendant published of him that there had not been a meeting of teachers in the county at which complainant had presided, at which the rules of common decency had not been outraged; that defendant was irreligious, an infidel, and an unbeliever; that he was dishonest; that it was known that he opposed the petition of the people who desired Congress to legislate so as to have Almighty God in the constitution; and that it was generally believed the defendant contributed an article that was a disgrace to any decent man. *Held*, that on a trial of the prosecution for libel, the court properly charged the jury that each of the statements was, of itself, libelous, and warranted conviction, unless justified, since the statute defines libel to be the malicious defamation of a person, tending to provoke him to wrath, or to expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence and social intercourse.

SAME. Where defendant published that complainant was vulgar, such statement, of itself, was libelous, if made in the sense that complainant was low, base, and unfit for the society of refined people.

PRIVILEGE. Where on trial of a prosecution for libel, defendant claimed that, as the one of whom the statements were made was a candidate for office, the publication was privileged, the court properly instructed the jury that the publication was not privileged unless made for the sole purpose of advising the electors.

EXAMINATION OF COMPLAINANT: *Rebuttal.* Where defendant had published that complainant was dishonest, and, on prosecution for libel, defendant, as part of his justification, offered evidence to show that he had failed to pay debts contracted while living in another state, it was proper to ask complainant in rebuttal, as to his family, means, and occupation while there.

SAME. Where on trial of a prosecution for libel, after defendant, as part of his justification, had offered to show that complainant

at one time had a woman of bad repute when his wife was absent, it was proper to allow complainant to show how many children he was taking care of at the time, and their ages, as showing the circumstances surrounding the complainant at the time when it was claimed he was consorting with lewd women.

SAME: *Reputation*. Where defendant, as part of his justification, had offered evidence tending to show that complainant had associated with lewd women, it was proper to admit testimony that there was no general talk in the community where complainant lived, that he was of lewd character.

EVIDENCE: *Exclusion*. It was not error to refuse to permit defendant to state the contents of a letter, which he then had in his possession in the court room, and which was immediately introduced and marked as an exhibit.

SAME. On trial of a prosecution for libel it was proper to reject the testimony of a minister as to the propriety of an article not in evidence, but which it was claimed was published from a printing office in which complainant at one time worked.

**Witness:** ATTACHMENT: *Payment of fees*. Code, section 1298, declares witnesses in criminal cases may demand their fees in advance, unless the subpoenae was issued under order of the judge; and section 4662 that a witness not paid his fees as required shall not be compelled to attend. *Held*, that where defendant in a criminal case subpoenaed a witness and the subpoenae did not show that it was issued under an order of a judge, and witness demanded his fees, which were not paid and witness failed to attend, the court properly refused to issue an attachment compelling attendance.

**Argument of Counsel:** PRESERVATION FOR APPEAL. Where the taking of opening statement of counsel by the reporter was waived and the statement not preserved by a bill of exceptions, such statement cannot be reviewed on appeal.

*Appeal from Page District Court.*—HON. WALTER I. SMITH, Judge.

WEDNESDAY, MAY 9, 1900.

THE defendant was convicted of libel. From a judgment imposing a fine, he appeals.—*Affirmed*.

*Wm. Orr* and *Geo. I. Miller* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The indictment was based upon the publication of the following written article, which the defendant admits he wrote, and which he admits was published as charged: "There has not been a meeting of the teachers in this county at which this man has presided that the rules of common decency have not been outraged. As a specimen of his education, incident to his schooling, when connected with the Sentinel, ye gods, hear his expressions, 'High cockolorum,' 'monkeying,' etc., etc. Every teacher knows that these are specimens of his expressions in the presence of delicate and polite ladies, and he assuming to be a teacher and an educator. Every one has had to blush for him; to call him down, and correct him; as every man and woman of this county that has been so unfortunate as to come in contact with him well knows. Professor Bell and other teachers have corrected his expressions, and I say, without fear of successful contradiction, that he is not sufficiently refined for the position that he has incumbered. He is irreligious; he is vulgar; he is incompetent; he is dishonest; he is a politician of the dirtiest sort, and entirely unfit to hold the position to which he aspires. He is well known by the people of this county, and particularly of the town of Shenandoah, and he opposed the petition of the good-intentioned people of this county who desired congress to legislate so as to have Almighty God recognized in the constitution. It is currently reported, and generally believed, that he contributed an article that is a disgrace to any decent man. He is an unbeliever and an infidel; therefore, unfit for the place." In addition to his plea of not guilty, the defendant filed a plea in justification. We will first notice the errors complained of in the reception and rejection of testimony.

As a part of his justification that Mr. Deater was dishonest, the defendant offered evidence tending to show that he had failed to pay debts contracted while living in Illinois. In rebuttal the state asked Deater several questions as to his family, means, and occupation while there, answers to which were admitted over the defendant's objections. These questions were all competent as bearing upon the question of his ability to pay his debts, and as tending to rebut the claim of dishonesty in not doing so. There was evidence that the defendant had sued Deater on a claim he held for collection, and Deater was permitted to testify that he had never been sued except that time. This was admissible also upon the question of his honesty.

Complaint is made of the refusal of the court to permit the defendant to state the contents of a letter which he then had in his possession in the court room, and which was immediately produced, and marked as an exhibit. This was not error.

The defendant was asked for conversations with Deater as to his promise of reformation. He gave a part of his answer, and was interrupted by the objection that it was not responsive. He seems to have gone on, and finished his answer, no part of which was stricken out. No error appears in sustaining this objection.

It is next contended that the court erred in rejecting the testimony of a minister as to the propriety of an article not in evidence, but which, it was claimed, was published from a printing office in which Deater at the time worked. The article not being in evidence, the objection that the offered testimony was not material was clearly well taken.

After the defendant had offered evidence to show that Deater at one time had a woman of bad repute in his house

when his wife was absent, Deater was asked as to the occurrence, and asked how many children he was taking care of at the time, and their ages. This evidence was properly admitted to show the circumstances surrounding Deater at a time it was claimed he was improperly consorting with a lewd woman.

The defendant urges in his argument that witnesses were permitted to testify as to Deater's character for honesty. This is a mistake. An examination of the reporter's transcript of the evidence fails to disclose any testimony of this kind. Testimony was, however, admitted tending to prove that there was no general talk in the community where Deater lived that he was of lewd character, and associated with lewd women. This was in direct rebuttal of the testimony of the defendant on the subject, and was competent. 1 Greenleaf Evidence, sections 54, 55; *State v. Nelson*, 58 Iowa, 208.

The defendant subpoenaed as a witness in his behalf Judge W. R. Green, for the alleged purpose of proving that Deater was an associate of gamblers, and had interceded in behalf of one who had been convicted before Judge Green. The subpoena served upon Judge Green did not show that it was issued under the order of the judge, as provided in section 1298 of the Code, and he demanded his fees. The defendant was informed of this demand, but did not tender or pay the same. The witness failing to appear, an attachment was asked, and properly refused. Under the circumstances the court could not compel the attendance of the witness. Code, sections 1298, 4662.

The defendant assigns error in the overruling of his amendment to his motion for a new trial, based upon the misconduct of counsel in the opening statement to the jury. The taking of this statement by the reporter was waived, and the statement has not been preserved by bill of exceptions, as required by law. Affidavits were subsequently filed setting out the substance of the

alleged prejudicial matter, but these cannot be considered. *Nelson v. Railway Co.,* 77 Iowa, 405; *State v. Clemons,* 78 Iowa, 123; *Knaebel v. Wilson,* 92 Iowa, 536. It appears from the record that the trial judge gave the defendant the full benefit of his recollection of the statement in passing upon the motion, and we discover no error in his ruling thereon.

The indictment charged that the following statements contained in the article were libelous: *"First,* that there has not been a meeting of teachers in this county in which H. E. Deater has presided that the rules of common decency have not been outraged; *second,* that said H. E. Deater is irreligious, an infidel, and an unbeliever; *third,* that said H. E. Deater is vulgar; *fourth,* that said H. E. Deater is dishonest; *fifth,* that it is well known by the people of Page county, and particularly of the town of Shenandoah, that said H. E. Deater opposed the petition of the good-intentioned people of this county who desired congress to legislate so as to have Almighty God recognized in the constitution; *sixth,* that it is currently reported and generally believed that said H. E. Deater contributed an article that is a disgrace to any decent man." The court instructed the jury that, in its judgment, the first, second, fourth, and sixth charges were defamatory in their nature, and their publication would be sufficient to warrant a conviction, unless justified; and that the same was true of the third charge, if it was made in the sense that Mr. Deater "was low, base, and unfit for the society of refined people." This instruction is attacked as to the second, third, fourth, and sixth charges on the ground that none of them are libelous. The statute defines libel to be "the malicious defamation of a person * * * tending to provoke him to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence and social intercourse." To constitute libel, it is not necessary that the publication charge

the commission of a crime. Any charge which is within the definition of the statute is libelous. *Halley v. Gregg,* 74 Iowa, 563. Without citing the large number of cases wherein special words have been held libelous under the definition practically adopted in our Code, we call attention to the collection of such cases in Newell, Defamation, pp. 46-60; and Odgers, Libel & Slander, pp. 21, 25. Mr. Deater was at the time of the publication of the article in question a candidate for re-election to the office of county superintendent of schools of Page county, and we have no doubt that each and every one of the charges referred to in the instruction was in itself libelous, except possibly the third, and that the third was libelous if given the meaning stated by the instruction. This conclusion we think amply sustained by well-considered authority, both English and American. 15 Am. St. Rep., note p. 356. Because of the fact that Deater was a candidate for office, the defendant claimed the publication was privileged. The court instructed the jury on this point that, if the publication was for the "sole purpose" of advising the electors, etc., it was privileged. Complaint is made of the use of the words "sole purpose" in the instruction. The complaint is without merit. The charges were not privileged unless made for the sole purpose mentioned. No man, under the guise of a legal privilege, can be permitted to sow broadcast false and defamatory matter regarding his neighbor, even though he be a candidate for office, unless it be done for the sole purpose of advising the electors who may vote for him of his true character. See *Bays v. Hunt,* 60 Iowa, 251.

Other instructions are complained of, but we cannot consider the matters discussed, because proper exceptions thereto were not preserved, though we may say that we think no error appears.

The defendant's motion for a directed verdict was properly overruled. The question of justification and the shield of privilege were both within the province of the jury to

determine, and were rightly submitted to it.    *Nichols v. Eaton,* 110 Iowa, 509.

Complaint is also made of a remark of the trial court that nothing material had been elicited from a certain witness. This does not appear prejudicial under the record. We discover no reversible error. The case is therefore AFFIRMED.