STATE OF IOWA, Appellee, v. LAWRENCE DRAKE, Appellant.

**Examination of witnesses:** LEADING QUESTIONS. The admission and refusal of answers to leading questions is so largely dependent upon the witness and so peculiarly within the discretion of the trial court, that to constitute reversible error a clear abuse of discretion must be shown.

**Reprimand of counsel.** Where counsel persisted in leading a witness, over repeated rulings of the court, a warning in the presence of the jury that upon further provocation he would not be permitted to proceed with the examination, is held to have been without prejudice.

**Argument.** The court will not attempt to control the argument of counsel beyond insisting that they keep fairly within the record and abstain from inflammatory appeals to passion and prejudice.

**Seduction:** EVIDENCE. The evidence on a prosecution for seduction is reviewed and held to justify conviction on the ground that the crime was accomplished through a promise of marriage.

**Previous chaste character:** BURDEN OF PROOF: EVIDENCE. A defendant charged with seduction, who attacks the chastity of the prosecutrix, has the burden of overcoming the presumption of chastity in her favor. Evidence held to support a finding that the prosecutrix in the instant case was of previous chaste character.

*Appeal from Winnesheik District Court.* — HON. L. E. FELLOWS, Judge.

WEDNESDAY, OCTOBER 18, 1905.

THE defendant was convicted of seduction, and appeals. — *Affirmed.*

*E. R. Acres,* for appellant.

*Charles W. Mullan,* Attorney General, and *L. DeGraff,* Assistant Attorney General, for the State.

WEAVER, J.— I.   It is first argued that the trial court erred to the defendant's prejudice in permitting the prosecuting witness to answer leading questions propounded by the

1. EXAMINA-
TION OF
WITNESSES:
leading
questions.

county attorney, and in sustaining the State's objection to other leading questions propounded by defendant's counsel to witnesses testifying in his behalf.   The admission and exclusion of answers to leading questions are matters peculiarly within the discretion of the trial court, and it is only upon a clear showing of abuse of such discretion that the ruling will be held reversible error. Without attempting to set out the record presented in this case, we have to say that we find no evidence of any abuse of discretion by the district court.

The propriety of admitting leading questions depends largely upon the witness under examination.   If he or she is young or inexperienced, or laboring under evident timidity or embarrassment, or is apparently lacking in intelligent comprehension of the questions propounded, or is unwilling or evasive in giving the information sought, it is entirely proper to allow interrogatories of this character.   On the other hand, the court may well sustain objection to the same questions to a witness in whom none of these characteristics appear. Manifestly the trial court can note these varying circumstances with far greater accuracy and discrimination than we can possibly do in an examination of the written record, and we should be very slow to interfere with its rulings in reference thereto.

Complaint is also made that the court unnecessarily and improperly rebuked defendant's counsel in the presence of the jury for his persistence in leading his witnesses in spite of repeated adverse rulings.   We cannot from the record

before us say the censure was unmerited.  It is the undoubt-

ed right of counsel to put to a witness such
**2. REPRIMAND
OF COUNSEL.** questions as in good faith he may believe ad-
missible, and to have a proper record preserved
of his exceptions to adverse rulings.  But, when a ruling has
once been made and record secured, it is the duty of counsel
to submit and seek his remedy by the orderly methods of ap-
peal.  If he is unwilling to do so, and persists in attempting
to override the rulings against him, he is in no position to
complain if his conduct calls forth the expressed disapproba-
tion of the court.  In the present case the court went no fur-
ther than to warn counsel that upon further provocation of
this nature he would not be allowed to proceed with the ex-
amination of the witness.  The reprimand was by no means
severe, and however irritating it may have been to the tem-
per of the counsel it is impossible to believe that the inter-
ests of his client were thereby prejudiced.

II.    The appellant charges the prosecuting attorney with
misconduct in his argument to the jury, but we think the com-
plaint is without substantial merit.   The prosecutor's address

was sprinkled somewhat profusely with terms of
**3. ARGUMENT.** denunciation, which could have been omitted
without detracting from the logic of his argument; but it is
not every indulgence in lurid argument on part of counsel
which will afford ground for granting a new trial.   Were it
otherwise few convictions would stand the test of appeal.
Beyond insisting that counsel must keep fairly within the
record and abstain from inflammatory appeals to passion and
prejudice, the court will not attempt to control the manner
and method of his argument to the jury.   The prosecutor did
not transgress the limits here recognized, and the exception
taken by the appellant is not well founded.

III.    The only other question argued by counsel is the
sufficiency of the evidence to sustain the verdict of the jury.
It is said that, even if it be conceded that defendant is the
father of the child of the prosecuting witness, there is no

evidence that the intercourse was obtained by him through the use of seductive arts or promises. The record does not sustain this contention. The testimony tends to show that at the time of the alleged seduction the prosecutrix was about 17 or 18 years of age, and that from the time she was 15 years old the appellant was waiting upon her, taking her out to ride, accompanying her to social meetings, and otherwise manifesting for her more than ordinary regard and affection. He had also mentioned the subject of their marriage and the consent of her parents to their union. If the jury believed the State's witnesses, as they had a right to do, there is abundant ground for the conclusion that appellant led the prosecutrix to believe that he desired and intended to marry her, and that it was through these arts and promises, express and implied, that she yielded to his desire. The corroborating testimony was also sufficient. The facts shown are quite parallel to those appearing in *State v. Lauderbeck*, 96 Iowa, 259, in which a conviction was sustained.

*4. SEDUCTION: evidence.*

In further support of his defense the appellant made a determined effort to prove that at the time of the alleged seduction the prosecutrix was already of unchaste character. And indeed, if the defendant and his witnesses are to be believed, this immature girl was, and for a long time had been, a harlot of the most astonishing vileness and depravity. Women were produced to testify to words and acts upon her part indicating an utter absence of any sense of virtue or decency, while several young men with evident pride in the achievement told the jury of their alleged admission to her embraces.

*5. PREVIOUS CHASTE CHARACTER: burden of proof; evidence.*

In the very nature of things even a virtuous woman, whose character is thus assailed, is sometimes able to do no more than deny the specific shameful acts with which she is charged and offer proof of her good reputation among the decent and orderly members of the community where she resides and is best known. This the prosecutrix did, and it

is not at all surprising that the jury should have accepted the truth of the showing thus made by her.    The burden was upon the appellant to overcome the legal presumption of her prior chastity, and this he was required to do by testimony upon which the jury could rely as credible.    The women who ·appeared as witnesses against the prosecutrix materially weakened the effect of their own testimony by the very extravagance of their statements, and by their admission that with full knowledge of the extraordinary depravity which they imputed to her she was freely admitted to their homes and their social favor up to the time of the commencement of this prosecution.    It may also be remarked, with reference to the male witnesses above referred to, that so long as juries are made up of men possessing normal moral and intellectual qualities, they will rarely allow the presumption of virtue in woman to be overcome by the testimony of any number of witnesses whose story, whether true or false, is a confession of their own infamy.    All the witnesses were before the jury, ·and it was for the latter to determine their credibility and the weight and influence which should be accorded to their several statements upon the stand.

The verdict is not without adequate support, and the judgment appealed from must be and it is *affirmed*.