THE STATE OF IOWA, Appellee, v. CHARLEY McCLURE, Appellant.

**New trial:** REVIEW ON APPEAL. Where the trial court makes no finding of facts regarding matters alleged in affidavits in support of a motion for new trial, which are denied by counter affidavits, the

appellate court will not consider the matters embraced in the affidavits.

**Same:** DISCRETION OF TRIAL COURT. The examination of witnesses and the general conduct of a trial involve in a large measure the sound discretion of the trial court, and the same rule applies where the court is called upon to pass on a motion for new trial, based upon alleged misconduct in argument to the jury; and unless it is made to appear that such discretion has been abused the appellate court will not interfere.

**Same:** MISCONDUCT IN ARGUMENT. It is improper for a prosecuting attorney to quote from an opinion of the supreme court in his argument to the jury, but where this was done and upon objection the jury was directed to disregard it, it will be presumed that they obeyed the direction of the court.

**Criminal law:** SEDUCTION: EVIDENCE. On this prosecution for seduction the evidence is reviewed and held sufficient to support conviction.

**Same:** CHASTITY OF PROSECUTRIX: INSTRUCTIONS. The instructions regarding the chastity of the prosecuting witness, when construed in the light of the evidence, are held proper.

**Same:** SEDUCTION: CHASTE CHARACTER: EVIDENCE. Where there was evidence tending to show that prosecutrix, defendant and others committed an indecent and immoral act, all the particulars of which were allowed to remain in the record, over the objection of the state that the same was immaterial and may have occurred after the alleged seduction, the exclusion of evidence touching any objection prosecutrix may have made to the doing of the act was not prejudicial; especially as it appeared that the immoral act occurred after the alleged seduction, and as it is only the previous chaste character of the prosecutrix which is in issue in seduction cases.

**Same:** FLIGHT OF DEFENDANT. The flight of one accused of seduction, after knowledge that a warrant had been issued for his arrest, is a circumstance tending to connect him with the commission of the offense.

**Same:** ARTIFICE: EVIDENCE: INSTRUCTION. The testimony of prosecutrix that defendant promised to stay by her if any thing happened, praised her good looks and the like, was sufficient to authorize an instruction touching the question of artifice used by defendant to accomplish her seduction.

Same: INSTRUCTIONS: REPETITION: REFUSAL. Matter covered by some of the instruction may properly be omitted from others; and requested instructions which are included in those given may properly be refused.

Same: INSTRUCTION: ASSUMPTION OF FACTS. An instruction that unless prosecutrix was induced to commit the offense by defendant's promise of marriage, if any, or his protestations of love and affection, if any, he should be acquitted, was not objectionable as assuming that defendant did promise to marry her, etc.

Same: APPEAL: ADDITIONAL ABSTRACTS. Where the state filed an additional abstract, and to meet it the defendant also filed an additional abstract and made a further argument, and the transcript of the evidence was certified, appellant's motion to strike the state's abstract will be overruled.

*Appeal from Davis District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, MARCH 12, 1913.

DEFENDANT was convicted of the crime of seduction, and appeals.—*Affirmed.*

*Payne & Goodson,* for appellant.

*Geo. Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

PRESTON, J.—Numerous matters are urged and relied upon for a reversal. Those most strongly argued are in reference to the alleged misconduct of the county attorney and the sufficiency of the evidence, particularly as to whether the jury were justified in finding prosecutrix to have been of chaste character at the time of the alleged seduction. It is said the court erred in permitting the prosecutor on cross-examination of defendant's witnesses to put improper question's and to make insinuating remarks reflecting on witnesses and defendant, and that the prosecutor made improper

statements to the jury in argument, especially in quoting from an opinion of this court. The matters above complained of appear in the record.

I.   Other matters are set out in affidavits attached to the motion for new trial as to what is alleged to have been said and done.   As to these matters, counter affidavits were filed by the state.   The court made no finding of facts in regard to these things, and they cannot be considered without such a finding.

1. New TRIAL: review on appeal.

Where there is a conflict in the affidavits, the trial court is in a much better situation to determine the facts than this court can be.   *Rayburn v. Railway,* 74 Iowa, 637; *Knaebel v. Wilson,* 92 Iowa, 536; *State v. Helm,* 97 Iowa, 378.

It must be conceded that some of the questions put by the prosecutor were improper, but objections were promptly sustained by the court.   The prosecutor was not alone in thus offending.   Questions were asked by defendant's counsel, not so much perhaps by way of insinuation, as in an endeavor to get before the jury and in the record evidence which was clearly incompetent.   This was done on the theory probably that, if an acquittal could be secured, such errors would not be available to the state on motion for a new trial.   We would not encourage such practices by either side, nor would we relax the rule that the defendant in a criminal case is entitled to a fair trial.   The state is also entitled to a fair trial.   The rules of practice and evidence are the same for both, in theory at least, and ought to be so in practice.   In case of doubt the defendant should be given the benefit of the doubt, but this may be and often is carried too far as we and all courts and lawyers know. Trial courts generally allow greater latitude to the defense. Attorneys for the defense go outside the record in argument, and do other things they would not think of doing in a civil case where a new trial might be granted.   Then, if the prosecutor meets them in the same way and tries to prevent the defense running away with the case, he is accused of being

2. Same: discretion of trial court.

unfair. It would be the better practice, and it would be right, for both sides to try each case fairly and on the merits. In this case, as in others where the attorneys for the defense are able and the prosecution is vigorous, some things are said and done which should have been dispensed with. Persistently asking improper questions and injecting improper statements into the record may be reversible error, but asking improper questions and making improper remarks are not necessarily prejudicial. The trial court is in a position to see and hear what is being done and said, the disposition and temperament of the attorneys; their manner, and that of the witnesses being examined; the demeanor of attorneys towards each other; their tone of voice, and like matters. The examination of witnesses and conduct of the trial is largely a matter for the trial court to determine, as is the question whether either party has been prejudiced by the conduct of the other, and its action will not be interfered with on appeal, unless the discretion lodged in it has been abused. *State v. Johns,* 152 Iowa, 383; *State v. Norman,* 135 Iowa, 483.

The same rule applies where the trial court has overruled a motion for new trial on the ground of alleged misconduct in argument. One of the statements of the prosecutor of which complaint is made was in answer to argument of counsel for defendant. In referring to the testimony of defendant's witnesses, who had testified to their having had sexual intercourse with prosecutrix, the prosecutor said: "I tell you what the Supreme Court of Iowa thinks about such a fellow. The Supreme Court says that, so long as juries are made up of men possessing normal, moral, and intellectual qualities, they will rarely let the presumption of virtue in women be overcome by the testimony of any number of witnesses whose story, whether true or false, is a confession of their own infamy. (Defendant objects to that as being prejudicial and incompetent. Court: Yes, I think that is improper and the jury will not regard it. The ruling of the court is excepted to.) I speak to you now as normal men, morally and intel-

lectually, and it is for you to say whether the stories of such men, whether true or false, shall be weighed by you as sufficient to overcome the presumption of innocence in woman.''

We do not approve of the prosecutor's quoting to the jury from the opinion of this court, which is found in *State v. Drake*, 128 Iowa, 539. The trial court was

3. SAME: misconduct in argument.

right in sustaining the objection and directing the jury to disregard it. The statement of this court in that regard did not announce any rule of law.

It is presumed the jury obeyed the direction of the court to disregard the statement of the county attorney. It is claimed by counsel for the appellant that juries give weight to an intimation from the court, but this court did not make the remark quoted to the jury. Furthermore, it is doubtful whether a jury could be found who would not feel the same way about it without being told.

The statement of the prosecutor after the court had sustained the objection to the quotation was not in itself improper, and it is not made so by the fact that the county attorney addressed the jurors as normal men, morally and intellectually. He simply left it to the jury to say what weight should be given to the evidence of such witnesses. From matters appearing in the record and arguments in this court, we assume that the prosecutrix was not spared by counsel for defendant in their arguments to the jury. The trial judge heard all the arguments, and all that was said and done at the trial. He seems to have been fair and entirely impartial. In overruling the motion for new trial, it was his judgment that no prejudice had resulted. We would not be justified in reversing on these grounds.

II. It is next urged by appellant that the verdict is not sustained by the evidence. The defendant admitted having had intercourse with the prosecutrix, but denied the use

4. CRIMINAL LAW: seduction: evidence.

of any seductive arts. The defense was based largely on the claim that prosecutrix was unchaste at the time of the alleged seduction. The claim here is, as we understand it, that the evidence which

he produced was such that we should say that the element
of chaste character was not sufficiently sustained. This was for
the jury. There was evidence which, if true, would tend to
show unchastity. Witnesses testified to having had sexual
intercourse with her before the alleged seduction, but the
weight of this evidence was for the jury. Such witnesses
were some of them more or less impeached by evidence of
their own contradictory statements. There was evidence as
to prosecutrix and her sister going swimming with the defend-
ant and a boy about sixteen years of age, also evidence as to
vulgar language on her part, and other matters. These mat-
ters were all denied by her, and her character in this respect
was sustained by her neighbors and associates. The prose-
cutrix was about sixteen or seventeen years old at the time of
the alleged seduction. She fixed May 18, 1908, as the date
when the alleged seduction occurred, and the first act of
intercourse, and testified that such relations continued. A
child was born March 10, 1909. She testified to promises made
by defendant at the time, and which she says she relied on,
and there was evidence of courtship and evidence of admis-
sions made by defendant. Defendant admits that the first
intercourse in 1908 occurred about the middle of May, and
that such relations continued for a month or two. He denies
the use of any seductive arts. While defendant was in
Marshall county his brother wrote him that prosecutrix was
pregnant. About December 24, 1908, defendant returned and
went to see her, and was informed by her that a warrant had
been issued for his arrest, and that they were going to make
him marry her. She says that at that time he promised to
marry her, and to do so at once, but that the next day was
a holiday, and he could not get a license. Either the next
day, or the 26th, he fled from the state, without bidding his
friends and relatives good-bye, and did not return until he was
brought back by the sheriff in September, 1911. There was
other evidence, but, without going further into detail, it is
sufficient to say we have read it all, and we are satisfied the

evidence was amply sufficient to sustain the verdict. The prosecuting witness, no doubt, shaded her testimony to shield herself, and the defendant in all probability did the same thing.

III. Instructions 10, 11, and 13 are complained of. To understand the objection, it will be necessary here to set out some of the testimony. For the purpose of showing unchaste conduct on the part of the prosecutrix, it was claimed by the defense that the prosecutrix and her sister went in swimming at night with defendant and a young man by the name of Blanchard. The date of this transaction is fixed by the defendant as between the middle of June, 1908, and the 1st of July. At one point in his testimony he fixes it as just before the 4th of July. At another place he refers to one act of sexual intercourse with her as the "River Hill" transaction, which he says was about the last of June, and that the swimming transaction was about two weeks before that, so that, according to his testimony, this swimming transaction must have occurred about the middle of June, or between that date and the 1st of July. The witness Blanchard fixes this date as some time in June. He says it was over a month after, he commenced working for Fite, which was about the 1st of May, 1908. We do not find that the sister testified on this subject, and the prosecutrix denied the transaction entirely. It is clear, then, that this matter of going in swimming was in June. The defendant testified that the first act of intercourse in 1908 was about the middle of May, which is very near the date fixed by the prosecutrix. An attempt is made by the defense to show that the swimming transaction occurred before the first act of intercourse and before the alleged seduction, and that this is so because, as defendant says, the first act was what he calls the River Hill act of intercourse, but this transaction is not identified as the one wherein the prosecutrix claims the first act of intercourse occurred. She says the first intercourse was had either on the way to Eldon or on

5. Same: chastity of prosecutrix: instructions.

the way back, but nowhere refers to it as the River Hill trans-
action.  No other witness fixes the date of the first inter-
course.  The seduction, then, if there was any, must have
occurred about the middle of May.  There could have been
no seduction in June because there was not sufficient time for
reformation after the middle of May, 1908.  The matter of
reformation will be referred to later in connection with
another alleged transaction on another date in 1907.  The
instructions complained of in reference to the swimming
transaction and the date of it are 10, 11 and 13, but we will
quote instruction 12 with the other three, and refer to the
complaint as to 12 later.  The instructions 10 to 13 are as
follows:

(10)   If you find that the prosecuting witness prior to
and about the time- of her alleged seduction had sexual
intercourse with others than the defendant, then she was
not of chaste character.

(11)   In order for the prosecuting witness to have been
of unchaste character prior to her alleged seduction, it is not
necessary for her to have had sexual intercourse prior to that
time.  If she prior to such alleged seduction was unchaste in
thought, action, heart, and mind, that would be sufficient to
render her of unchaste character.  If she was guilty of undue
familiarity with men, if her demeanor and conduct was vul-
gar or improper, these facts should be considered by the jury
in connection with all the other facts and circumstances in
evidence bearing on the question in determining whether at
the time of her alleged seduction she was, in fact, of chaste
character.  No particular amount or degree of such conduct
or association can be set down as conclusive evidence of
unchaste character, nor is it every act of impropriety, indis-
cretion, or even indecency that will make a woman of un-
chaste character, but the jury must determine from all the
facts shown and bearing upon the question whether she was
of chaste or unchaste character, bearing in mind that the
question is what was her character for chastity prior to her
alleged seduction, not what it may have been since.

(12)   If you find by the greater weight or preponder-
ance of the evidence that prior to the time of her alleged

seduction the prosecuting witness had indulged in sexual intercourse with the defendant, she was not then of chaste character, unless such prior intercourse had occurred such a length of time before and their relations had been so absolutely broken off for such a length of time, and her conduct in the meantime had been such as to satisfy you that she had reformed, and was at the time of her alleged seduction a woman of chaste character.

(13) If you find by the greater weight or preponderance of the evidence that at the time of her alleged seduction by the defendant, if she was so seduced, she was not a woman of previous chaste character, you should acquit the defendant.

The objection to the instructions on this subject, as we understand it, is that the defense claims that the date of the River Hill act of sexual intercourse was fixed by the defendant as the last of June; that there was a conflict between the defendant and prosecutrix as to the correct date, and that the instruction closed the door against all testimony of defendant to acts of unchastity after the 18th or the last of May, and that the defendant had the right to have the jury determine which was the true date of the intercourse alleged as seduction, and that, if the jury found the date fixed by defendant was correct, then the defendant was entitled to have them consider all the evidence of unchaste character prior to that date; that a part of such conduct was the swimming transaction. From the evidence which we have pointed out it seems to us that it cannot be claimed that the swimming transaction occurred before the alleged seduction. But, in any event, no such interpretation can fairly be placed upon the instruction as is claimed by the defense. The court used the words: "If she, prior to her alleged seduction, was unchaste," etc. "If you find that the prosecuting witness prior to and about the time of her alleged seduction had sexual intercourse with others," etc. "If you find by the greater weight or preponderance of the evidence that at the time of her alleged seduction she was not a woman of previous chaste character, you should acquit the defendant." Counsel for defendant

claim that in using the words "alleged seduction" the court referred to the date fixed by the prosecutrix, but we fail to see anything in the language used which can be in any way considered as referring to any time or date of intercourse. No date was given in the instruction, but the court left the jury free to determine at what time the seduction was committed, if committed at all. The word "alleged" refers to the crime, and not to the date of its commission. Furthermore, the defense in its offered instruction No 1 seems to have adopted the theory that the transaction did occur in May, for a part of that instruction reads: "It is admitted by both the prosecutrix and the defendant that they indulged in sexual intercourse together with each other in the month of May, 1908." And, again, in offered instruction No. 5, the defense seems to have fixed May 18, 1908, as the date. That instruction reads in part: "The prosecutrix has testified that she indulged in sexual intercourse with the defendant for the first time on or about May 18, 1908 . . . If you find that she was *not at the time* of chaste character, then you should acquit the defendant, for she must have been of previously chaste character *at the time*," etc.

In this connection the court excluded one question and answer as to whether prosecutrix made any objection to the witness Blanchard undressing in her presence at the time of the alleged swimming, on the ground, as stated in the state's objection, that it was "immaterial, because it may have occurred after the alleged seduction." After the witness Blanchard had testified that the date of the swimming was over a month after the 1st of May, the state moved that all reference to the swimming be stricken as immaterial and after the alleged seduction. This motion was overruled. There could have been no prejudice here because all the evidence as to what the parties did at the time of the alleged swimming remained in the record, and, further, it seems to us clear that this transaction did take place after the alleged seduction. But it is said by counsel for appellant that, even though that transaction

6. SAME: seduction: chaste character: evidence.

was after the seduction, that the evidence is competent, and cites and relies on *State v. Clemons,* 78 Iowa, 123. It was held in that case that admissions made by the prosecutrix after the alleged seduction as to her unchaste conduct prior to the seduction were admissible, and that the court erred in instructing the jury to disregard that, but in the case at bar there is no claim that the prosecutrix made any statements or admissions of that kind, so that the authority is not in point. It is the previous chaste character which is in issue. The statute expressly so provides, and it has been so held a number of times. *State v. Deitrick,* 51 Iowa, 467; *State v. Gunagy,* 84 Iowa, 177.

IV. Instruction No. 16, in regard to the flight of defendant, is complained of, and it is said that flight cannot be regarded as tending to connect him with the commission of

7. SAME: flight  the crime, but the law is otherwise. *State v.*
of defendant.   *Hetland,* 141 Iowa, 524. On the question of flight, see, also, *State v. Richards,* 126 Iowa, 497. In this instruction the court left it to the jury to determine whether the offense was committed, and, if so, whether the prosecuting witness informed defendant of the warrant, and if he had knowledge of the accusation, and fled to avoid prosecution, then, if the jury found these matters to be true, it should be considered as a circumstance against him. The court left it to the jury to determine the weight of such evidence. The instruction is correct.

V. Other instructions are complained of. It is said No. 8 is erroneous. This was on the question as to whether prosecutrix was induced to submit by his promise of marriage, if

8. SAME: artifice:  any, or his protestations of love, and affec-
evidence: in-  tion, flattery, or other artifices or deception,
struction.   if any. Counsel for defendant claim that there was no evidence as to any other artifices or deception. The prosecutrix testified that defendant told her he would stay by her if anything happened, praised her good looks, and the like.

Instruction 6 is complained of because it is said the court should have told the jury that the prosecutrix must have relied on the promise of marriage, etc. This point is covered in instruction No. 8.

9. SAME: instructions: repetition: refusal.

Instructions 7 and 9, asked by the defendant, are covered by instructions given by the court. No. 9 correctly states the law, and is not in conflict with 2 and 3.

Instruction 12 has reference to testimony of the defendant that he had intercourse with the prosecutrix in 1907, some nine months before the alleged seduction in 1908, and was a proper instruction in connection with the other instructions herein quoted. Prosecutrix denied having had intercourse with defendant in 1907.

In the eighth instruction the court told the jury, in substance, that unless prosecutrix was induced to submit to intercourse by defendant's promise of marriage, if any, or his protestations of love and affection, etc., if any, he should be acquitted. It is urged with apparent sincerity that the qualification, "if any," and the like, in this and other instructions, assumed that defendant did promise to marry, etc. But it occurs to us that the use of these words is the very thing that prevented the instruction assuming these things.

10. SAME: instruction: assumption of facts.

The instructions are full, fair, and correct, and the appellant has no just cause of complaint. We have referred to all matters complained of which are of sufficient importance to notice.

The appellant has moved to strike the state's additional abstract. The appellant has filed an additional abstract to meet it, and has made a further argument. The transcript of the evidence has been certified. Under the circumstances, the appellant's motion to strike is overruled. We find no error in the record prejudicial to the defendant, and the judgment is *Affirmed.*

11. SAME: appeal: additional abstracts.