130    79
138    521

STATE OF IOWA, Appellee, v. F. C. LOMACK, Appellant. .

**Libel:** SUFFICIENCY OF INDICTMENT. An indictment for libel which clearly designates the party to whom the publication refers, is not defective because failing to allege that the publication was "of and concerning" the party claiming to have been injured.

**Indictment:** SURPLUSAGE. Although an indictment for libel charges that the publication was false, yet its falsity need not be proven, even on the question of malice, but will be treated as surplusage.

**Evidence.** Other statements made in connection with those published and charged to be libelous, but the utterance of which was denied, are irrelevant.

**Same.** Where, on a prosecution for libel charging that the person libeled, but for certain reasons would have been indicted for perjury, and defendant testified that he presented the matter to the grand jury and caused other parties to appear before that body, evidence as to whom besides himself appeared was admissible.

**Same.** Evidence that a libelous publication was issued in reply to articles which defendant supposed had been inspired by the person libeled was inadmissible, where there was no evidence connecting the person libeled with the articles replied to.

**Defence.** The fact that the official board of a church authorized its pastor to publish a libelous pamphlet is no defence to a prosecution for the libel.

**Same.** Threats against a defendant made some time previous to his libelous publication are no defense to a prosecution for the libel.

**Instructions.** Evidence of the publication of a charge of breaking and entering contrary to the statutes will support an instruction, in a prosecution for libel, that the charge of burglary was intended.

**Justification.** Proof of subornation of perjury will not justify a libelous charge of perjury, as under the statutes they are distinct offences.

**Instruction.** A libelous article charging that the person libeled was proven guilty as a co-respondent in a divorce case and had caused the separation of two men from their wives, was

insufficient to support an instruction that such article intended to charge such person with adultery with defendants wife and another.

*Appeal from Polk District Court.*— HON. EDMUND NICH-OLS, Judge.

WEDNESDAY, MARCH 7, 1906.

THE defendant was convicted of libel, and appeals.— *Reversed.*

*McKinzie, Franklin & Perry,* for appellant.

*C. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

LADD, J.— The indictment charged that the defendant " did willfully; unlawfully, and maliciously make, compose, dictate, and publish " a certain pamphlet, a copy of which

1. LIBEL: sufficiency of indictment.

was set out, in which one H. R. Wright was accused of several crimes; that the pamphlet was distributed " for the purpose of injuring and vilifying the person and character of H. R. Wright, and the same tended to provoke said H. R. Wright to wrath, and exposed him to public hatred, contempt, and ridicule; . . . and the said F. C. Lomack, at the time of making, composing, dictating, and publishing said article and circular, maliciously intended and does charge the said Wright with the crime of adultery, breaking and entering, gambling, and perjury, and intended and does provoke him, the said H. R. Wright, to public hatred, contempt, and ridicule." ·

Appellant contends that the indictment is defective, in that it is nowhere alleged that the pamphlet was published " of and concerning " Wright. It is essential, in charging libel, that the author or publisher of the libelous article, be distinctly designated and also the party of whom it was written. But, in doing this, it is immaterial whether the

precise words omitted were employed.   Other words of like meaning may be used if effectual in indicating the person intended.   Our statute exacts no more than that an indictment shall contain " a statement of the facts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of good understanding to know what was intended."   Section 5280 of the Code.   This indictment clearly alleges that the article was intended to and did charge Wright with the crimes mentioned, and this was all that was necessary.

II.   The indictment charged that the libelous matter was false, and it is said that the State, having so alleged, should have proven its falsity.   It is not essential to the validity of an indictment that the falsity of the libelous matter be alleged, but, if alleged, this will be treated as surplusage.   Heard on Slander and Libel, section 353; Townsend on Slander and Libel, section 73; Newell on Slander and Libel, p. 974.   As contended by appellant, malice is an essential element of the crime of libel. It does not follow, however, that proof of the falsity of the publication alleged to be libelous is essential to show malice. This may be inferred from the character of the accusation and the absence of probable or reasonable grounds for making it.

2. INDICTMENT:
surplusage.

III.   It was made to appear that Wright had caused to be published an account of a sermon delivered by the defendant to the effect that he had advised his people to arm themselves and go around the streets as fugitives of justice, ready in their hearts to commit murder.   The defendant denied having made the statements attributed to him, and was then asked regarding other portions of his sermon.   To this an objection was sustained. Though the repetition of the sermon might have edified the jury, we are inclined to think it would not have been relevant to any issue in the case.

3. EVIDENCE.

In the article it was said that Wright, but for certain

things unnecessary to be mentioned here, would have been indicted for perjury. After testifying that he had presented the matter to the grand jury, and had caused other witnesses to go before that body, defendant was asked, " Whom did you have before the grand jury besides yourself ? " The objection to this was sustained. The evidence might well have been received as explaining what foundation the accused had for the statement made.

4. SAME.

The defendant offered to show that the pamphlet was published, in part, in reply to articles which he believed had been written or inspired by Wright. But the latter was not shown to have had anything to do with them and for this reason the offer was rightly rejected.

5. SAME.

Again, it is urged that the article was privileged because authorized by the official board of the defendant's church. The record leaves it in doubt who constituted this body and of how many composed. Conceding, however, that such a body existed and authorized the publication, this was in excess of the ecclesiastical rights of its members, and afforded their pastor no excuse for publishing the defamatory article.

6. DEFENSE.

One Washington was called as a witness, and testified that, in the summer previous, Wright, in speaking of Lomack, had said: " I am after him. I am going to get rid of the old man and get him out of town. He is a detriment to the community, and a bad man to have about the city." This was not shown to have been communicated to Lomack and was stricken on motion. Whatever Wright's feelings may have been the year previous was not relevant to any issues in this case. Lomack, not Wright, was on trial, and the inquiry was not whether Wright had been imprudent in his remarks, but whether Lomack was justified in publishing the libelous matter. That Wright had said unkind things of the de-

7. SAME.

fendant would in no wise justify the latter in libeling
Wright.  See *Bradley v. Kennedy*, 2 G. Greene, 231.

    IV.   Complaint is made of several instructions.  In
the seventh, the court stated that the defendant had charged
plaintiff with burglary.  It is said the article accused him
of " breaking and entering " only.  To this was
8. INSTRUCTION.  added, however, " contrary to the statutes."
From this language it is clearly to be implied that the crime
of burglary was intended.

    The article charged Wright with being guilty of per-
jury.  The evidence tended to show that he might have been
guilty of subornation of perjury.  Only the issue as to
9. JUSTIFICATION.  whether he had himself sworn falsely was sub-
mitted to the jury.  Appellant contends that
subornation of perjury is in fact perjury, and therefore
proof of this, if the publication was with the proper motive,
would have been a defense.  Subornation is in its essence
perjury, and the perpetrator of the offense a sort of an ac-
cessory before the fact.  22 Am. & Eng. Enc. Law (2d Ed.)
697; *Com. v. Smith,* 11 Allen (Mass.) 243.  But the statute
creates them as distinct offenses.  Sections 4872, 4873,
Code.  A different quantum of evidence is essential to sus-
tain the conviction of one than the other.  *Com. v. Douglass,*
5 Metc. (Mass.) 241; *People v. Evans,* 40 N. Y. 1.  See
*State v. Waddle,* 100 Iowa, 57.  Under an indictment for
perjury, the accused cannot be convicted of subornation of
perjury.  They are distinct offenses, involving essentially
different acts on the part of the accused, and we think that
proof of one ought not to be received in justification of an
alleged libel, charging a person with having committed the
other.

    V.   In the twelfth paragraph of the charge the court
instructed the article charged " ' that the said H. R. Wright,
10. INSTRUCTION.  a well-known colored attorney, was proven
guilty as correspondent in my divorce case con-
cerning my family before Judge McHenry, and has caused

the separation of two men from their wives'; that it was intended by this language to charge the said H. R. Wright with the crime of adultery with the defendant's wife and another woman. You are instructed that the crime of adultery is committed when a married man has sexual intercourse with a woman who is the wife of another man, and if you find from the evidence that the said H. R. Wright did have sexual intercourse with a woman who was at the time the wife of the defendant and with another woman, and if you find that said charge was intended to accuse Wright of the crime of adultery, and if you find that the charge of adultery was made by the defendant with good motives and justifiable ends, then the proof of the justification as to such charge is sufficient."

The language of the article from which the part was taken, reads: "H. R. Wright, the well-known attorney, was proven guilty as co-respondent in my divorce case concerning my family, before Judge McHenry; at least, he was the only accused testified against, before Judge McHenry, and a divorce was granted. . . . . It must be remembered that H. R. Wright is a disorganizer of his race, and has caused the separation of two men from their wives." The interpretation put on this language cannot be sustained. Too much was exacted in support of the justification pleaded. Proof of the charges as made was enough. No evidence of adultery with any other than defendant's wife was introduced, but it might have been found that Wright had caused the separation of another colored woman from her spouse. This would have been sufficient to sustain a finding of the truthfulness of this particular charge and there was error in exacting, instead, proof of adultery. That this was prejudicial, notwithstanding the jurors were judges of the law, is settled in *State v. Rice,* 56 Iowa, 431.

VI. It is insisted that the evidence does not support the verdict. A careful reading of the record has convinced us that it is such that the jury might have found that the

charges contained in the article published were not proven, and therefore that the accused was without justification and that the publication was malicious.

Owing to the error in the twelfth instruction, the judgment is *reversed* and the cause *remanded*.