STATE OF IOWA, Appellee, v. WILBUR F. STERMAN, Appellant.

**CRIMINAL LAW:** Continuances—Discretion of Court. The granting
1   or refusal of continuances is discretionary with the court.

**LIBEL AND SLANDER:** Law and Fact—Instructions. Instructions
2   reviewed, and held to present adequately the principle that, in prosecutions for libel and slander, the jury is the judge of the law and the facts.

**LIBEL AND SLANDER:** Publication Libelous Per Se—Instructions.
3   If a publication is libelous *per se*, the court should so instruct.

Headnote 1:  16 C. J. p. 451.  Headnote 2:  37 C. J. p. 157.  Headnote 3:  37 C. J. p. 157 (1926 Anno.)

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 17, 1925.

ON indictment charging libel, defendant was convicted, and sentenced to pay a fine of $500, and appeals.—*Affirmed.*

*Thomassen, Cunningham & Schaetzle,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Leo C. Percival,* County Attorney, for appellee.

ARTHUR, J.—I. Appellant was a practicing physician in the town of Peru, Madison County, Iowa. The indictment grew out of a church controversy. One W. J. Beeler had been handling some financial matters for the Methodist church at Peru. The indictment charged appellant with writing and publishing a libelous letter, accusing Beeler with appropriating to his own use some of the church funds which he had handled, and making certain other defamatory statements about him. The letter set out in the indictment was as follows:

"October 31, 1923.
"To W. J. Beeler:
"Word has reached me that you are pretending that you do not know why the general public object to handing their money into your care and keeping every time anything is doing at the church. This letter is to tell you in plain English the 'why.' It is because they are tired of knowing that some of their money sticks to your dirty dishonest fingers, and stays in your dirty dishonest pocket. They are also tired of your forever circulating and soliciting contributions for this, that and the other but never contributing to anything yourself. And also tired of seeing you and having you sticking your meddlesome nose into things that do not concern you, and of parading yourself where you are not wanted and where you have no business whatever either socially, officially or otherwise. Your resignation was timely. Just in wise time to avoid being thrown out, both officially and bodily, if need be. Your best place is recently shown. Peddling cigars at public sales is your true station in society and in life.
"[Signed] Wilbur F. Sterman."

W. J. Beeler, to whom the letter was directed, testified that he received the original letter, a copy of which is set forth in the indictment, through the mail; that it was in the handwriting of

appellant; that, about a week after he received the letter, he had a conversation with appellant about the letter; and that appellant stated that he could prove the statements in the letter by good, responsible persons, that Beeler took the money.

Another witness testified that appellant admitted to him that he wrote the letter, a copy of which is set forth in the indictment, and stated further that he could prove the statements therein made by some twelve persons. Several other witnesses testified that they saw letters like the letter which Beeler testified to receiving, which is known as "Exhibit A" in the record, and still another witness testified that appellant read the letter, Exhibit A, to him at one time when he was in appellant's office in the fall of 1923. Beeler also testified that he saw copies of the letter in the possession of different parties.

Defendant did not testify in his own behalf. He called two witnesses, D. M. Travis and Ollie Simmons, to show that there was rumor and gossip to the effect that Beeler was appropriating to himself some of the church money, and particularly, some money that was raised on occasion of an entertainment given by Beeler's Sunday school class. Travis testified that he "heard a little talk about the way Mr. Beeler handled the funds of the church" among members of the congregation; that he did not know whether the complaints which were made were true or not. Continuing, the witness stated:

"I do not have any fact within my knowledge as to the manner in which Mr. Beeler did handle the funds of that church. I heard a little complaint about the class play that they had there, —just a kind of rumor and talk, is all."

Witness Simmons testified to hearing some talk relative to the manner in which Beeler handled or accounted for funds of the church, and relative to receipts of an entertainment given by Mr. Beeler's Sunday school class. On motion of the county attorney, the evidence of Travis and Simmons was stricken as immaterial, and merely rumors, based upon hearsay.

A witness called by the State testified that he personally collected the money for the class play put on by W. J. Beeler's class; and that he turned the money over directly to the class treasurer; and that W. J. Beeler did not have the money in his possession at any time.

Three men, who constituted the auditing committee of the church finances, testified that they had examined Beeler's accounts with the church, and found that he had accounted for all moneys of the church coming into his hands.

II. Appellant complains of the overruling by the court of motions for continuance made by him. Several motions for continuance were made. A brief history of the motions, as disclosed by the record, will show that appellant's complaints are without merit.

The indictment was returned December 8, 1923, and plea of not guilty entered on December 11th. Bail was given. The case was assigned for trial for the February, 1924, term of the

1. CRIMINAL LAW: continuances: discretion of court.

district court; whereupon defendant moved for continuance to the May term of said court, which motion was overruled; but a few days later, A. G. Rippey, an attorney of Des Moines, Iowa, appeared for defendant and secured continuance over until the May term, and the case was assigned for trial, to commence May 12th. On May 8th, defendant filed another motion for continuance, which was resisted. In support of the motion, defendant stated, in an affidavit, that, on April 1st, he went to San Francisco, to care for a patient who had wired for him; that, on April 3d, Mr. Rippey withdrew from the case as his attorney, which fact was not communicated to him until the 20th of April; that, on April 28th, he left California, and arrived home on the 2d day of May. He states that he was not able to secure counsel and prepare and be ready for trial on May 12th on account of these facts.

The record discloses that, by agreement, the case had been set down for trial on May 12th; that defendant's second motion for continuance over the May term was overruled; but that the court generously extended the time for trial to May 19th, for the purpose of allowing defendant time to secure the services of an attorney, Rippey having withdrawn from the case. On May 19th, defendant appeared in court without an attorney, and the court asked him if he was financially able to employ an attorney, and he answered that he was. However, the court appointed Hon. John A. Guiher to appear and represent the defendant, and ordered that the trial proceed. Mr. Guiher filed a third motion

for continuance over the term, and submitted evidence in support of the motion. The evidence offered was to the effect that the defendant, a physician, was taking care of a child who was quite ill in the town of Peru. It was urged that defendant should be ready and available to be called at any moment to the bedside of this sick child. It appeared on the hearing that there was another physician in the town, a Dr. Wallace, who had been called that very morning to attend the child. The court, after hearing and considering this evidence, overruled the motion, and ordered that the trial proceed.

Considering the situation, and also in view of the fact that previous motions for a continuance had been filed and continuances granted, we think defendant was not entitled to further continuance of the case. A lawyer had appeared for defendant who was competent to try his case, and who did conduct the case ably. We think that, under the record, there was no abuse of discretion in refusing to grant a further continuance of this case. Many cases might be cited in support of the court's ruling. In the case of *State v. Pell,* 140 Iowa 655, the rule is well stated. In that case, among other things, we said:

"The whole matter of granting a continuance rests largely in the discretion of the trial court, and it should only be granted for a cause which satisfies the court that substantial justice will be more nearly obtained. Code Section 3663. This court will not interfere with the action of the trial court in this respect, unless it clearly appears that such discretion has been abused and an injustice has been done. *State v. Wilson,* 124 Iowa, 264; *State v. Reid,* 20 Iowa, 413; *State v. Burns,* 124 Iowa, 207.''

IV. It is complained that the testimony of witness for the State Tom Weaver should have been stricken, on the ground that this witness did not properly identify Exhibit A, and that his testimony was rendered incompetent. We think the exhibit was sufficiently identified. There was no prejudicial error in admitting the evidence of this witness, especially in view of the fact that there was other evidence as to the publication of the letter amply sufficient to sustain the verdict.

V. In Instruction No. 1 the court told the jury that they *should* take the facts as the same have been established by the proof, "and the law, as given you in charge by the court in these

2. LIBEL, AND
SLANDER: law
and fact: in-
structions.

instructions.'' It is complained that this instruction contravenes the provisions of Section 5091, Code of 1897, which provides:

''In all prosecutions for libel, the jury, after having received the direction of the court, shall have the right to determine at their discretion the law and the fact.''

In another instruction the court clearly told the jury that in a case like this ''the jury is the judge, not only of the facts in the case, but also as to the law;'' and further instructed:

''While the court undertakes in these instructions to give you what is the law of this state in a case of this character, you are to take the instructions with reference to the law governing matters of the character involved in the charge herein as merely advisory, and you are to determine finally, after considering the matters submitted to you in these instructions, what the law is governing a case of this character, as the statutes of this state make the jury the judge of both the law and the facts.''

It is a well settled rule, which requires no citation of authority, that instructions are to be considered as a whole. Moreover, the court told the jury that they were to consider and construe together all of the instructions, and apply them as a whole in the case. Also, the court, at the beginning of the trial, called to the attention of the jury that, in this kind of a case, the jury finally is the judge, not only of the facts, but also of the law; and admonished them to observe, not only the evidence, but also the legal propositions involved, of which they would be the final arbiters. The complaint is without merit.

VI. Complaint is made of Instruction No. 7, on the ground that the court stated that:

''In the judgment of the court, said paper, Exhibit A, is in and of itself libelous,—that is, it contains statements and charges made against a person which are libelous in and of themselves.''

3. LIBEL AND
SLANDER: pub-
lication libelous
per se: instruc-
tions.

In the same instruction, and in the same sentence, the court told the jury that it was for them to determine whether Exhibit A had been written and circulated by defendant. The complaint is without merit. It was the duty of the trial court to inform the jury that the matters contained in Exhibit A were libelous *per se*. *State v. Cooper*, 138 Iowa 516.

We find no error in the trial of the case. Appellant was accorded a fair trial. The case is affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.